**No. 51167.**—Petitions 6517–R, etc., of N. Polkinhorn (San Diego).

Opinion by EKWALL, J. The customhouse broker testified that at the time he made entry of both types of merchandise he considered that the invoice prices represented the proper value for the merchandise; that he investigated to the best of his ability as to what the market prices were in Mexicali; and that before making entry, he talked over the values with the appraiser. The merchandise was appraised as entered and an investigation by a customs agent failed to disclose facts contrary to those testified to by the entrant. However, on subsequent investigation, the Government found that the foreign market value of the merchandise was considerably higher than that declared on entry and appeals for reappraisement were taken by the collector. The petitioner testified that he subsequently found that he was in error in adopting the invoice prices. Upon the record it was held that the entry of the merchandise at a value lower than that found on final appraisement was without intent to defraud the Government or to deceive its officials. The petitions were therefore granted.

MAY 23, 1946

**No. 51168.**—Protest 115764–K of J. B. Ruth & Co. Abstract 51069. Plaintiff's application for rehearing granted.

BEFORE THE FIRST DIVISION, MAY 29, 1946

**No. 51169.**—Protests 8941–K, etc., of Semon Bache & Co. et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51170.**—Protests 929751–G, etc., of Perrin Cooper & Co., Ltd. (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of goatskins similar in all material respects to those the subject of *United States* v. *Winograd* (32 C. C. P. A. 153, C. A. D. 302). In accordance therewith the claim for free entry under paragraph 1681 was sustained. Protest 929751–G, having been abandoned insofar as it covered entry WHB–40837, was overruled.

**No. 51171.**—Protests 7973–K, etc., of A. Hurst & Co., Inc. (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Adolphe Hurst & Co., Inc.* v. *United States* (33 C. C. P. A. 96, C. A. D. 322). In accordance therewith the claim for free entry under paragraph 1796 was sustained.